IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

PAMELA TAYLOR                                                                                    PLAINTIFF

vs.                                        Civil No. 1:17-cv-01044

NANCY A. BERRYHILL                                                                          DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Pamela Taylor ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability application on June 23, 2014. (Tr. 11). In this application, Plaintiff alleges being disabled due to multiple sclerosis; transverse myelitis; osteoarthritis, fibrmyalgia; chronic pain in her back, neck, lower extremities, and thoracic spine; neuropathy; roto-scoliosis in her lower extremities; depression; degenerative joint and disc disease; and thoracic spine scoliosis. (Tr. 136). Plaintiff alleges an onset date of April 2, 2014. (Tr. 11). Her application was denied initially and again upon reconsideration. (Tr. 47-58).

Plaintiff requested an administrative hearing on her denied application. This hearing request was granted, and Plaintiff's administrative hearing was held on January 19, 2016. (Tr. 22-46). At this hearing, Plaintiff was present and was represented by Greg Giles. *Id.* Plaintiff, Medical Expert ("ME") Kweli Amusa, and Vocational Expert ("VE") Leonard Francois testified at this hearing. *Id.*

On March 31, 2016, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's disability application. (Tr. 8-17). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2019. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 2, 2014, her alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: multiple sclerosis and arthritis. (Tr. 13, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 13-15, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except claimant can sit for 30 minutes at a time, and then needs to stand for about 10 minutes before returning to a seated position.

*Id.* The ALJ determined Plaintiff was fifty-one (51) years old, which is defined as an "individual closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008). (Tr. 16, Finding 7). The

ALJ also determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 16, Finding 8).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 15-16, Finding 6). Considering her RFC, the ALJ determined Plaintiff did not retain the capacity to perform her PRW. *Id.* The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 16-17, Finding 10). The VE testified at the administrative hearing on this matter. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform representative occupations such as appointment clerk (sedentary, semi-skilled) with 121,000 such jobs in the national economy; receptionist (sedentary, semi-skilled) with 100,000 such jobs in the national economy; and information clerk (sedentary, semi-skilled) with 96,000 such jobs in the national economy. (Tr. 16). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability (as defined by the Act) from April 2, 2014 through the date of her decision or through March 31, 2016. (Tr. 17, Finding 11).

Plaintiff sought review with the Appeals Council. On June 1, 2017, the Appeals Council denied this request for review. (Tr. 1-3.). On June 30, 2017, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 7, 11-12. This case is now ready for determination.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11 at 1-13. Specifically, Plaintiff claims the following: (1) the ALJ erred in assessing whether her impairments meet the requirements of the Listings; and (2) the ALJ erred in finding she retained the capacity to perform light work. *Id.* Upon review, the Court finds the ALJ has not a supplied a sufficient basis for assessing Plaintiff's RFC and discounting Plaintiff's subjective complaints. Thus, the Court will only consider Plaintiff's second argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of

5

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan,* 928 F.2d 255, 259 (8th Cir. 1991).

---

your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead, the ALJ based his credibility determination upon her finding that Plaintiff's subjective complaints were not supported by her medical records. (Tr. 14-15). The ALJ briefly summarized Plaintiff's medical records and then discounted her subjective complaints because they were not supported by the objective medical evidence:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.
>
> . . .
>
> The *objective evidence* does not support the degree of limitation alleged by claimant.
>
> . . .
>
> In sum, the above residual functional capacity assessment is supported *by the objective medical evidence of record*.

(Tr. 14-15) (emphasis added). Such a finding was improper. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]").

Indeed, the only other *Polaski* factors the ALJ referenced were her medical treatment and daily activities. Notably, in the opinion, the ALJ stated Plaintiff had "not always sought regular medical treatment . . . nor followed the treatment prescribed." (Tr. 15). The ALJ, however, did not elaborate as to *what treatment* Plaintiff failed to seek or to follow. *Id.*

Furthermore, the daily activities the ALJ referenced were the ability to do "some shopping and household chores" as well as the ability "to take care of her personal needs." (Tr. 15). These are certainly not extensive daily activities that would detract from a finding of disability. *See Hutsell*

*v. Massanari,* 259 F.3d 707, 713 (8th Cir. 2001) (recognizing the long-established rule that a claimant need not "be bedridden to qualify for disability benefits"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 7th day of June 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE